UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RAYMOND FIORE,

Plaintiff,

vs.                                    Case No.:

LTD FINANCIAL SERVICES, L.P.,

Defendant.
_____/

# **COMPLAINT**

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq. ("FCCPA").

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1692 et seq ("FDCPA"), and pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. 559.55 et seq.

3. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the FCCPA, and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

1

4.Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

5.Plaintiff, RAYMOND FIORE, is a natural person who resides in the City of Fort Lauderdale, County of Broward, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6.Defendant LTD FINANCIAL SERVICES, L.P. (hereinafter "Defendant LTD") is a collection agency operating from an address of 7322 Southwest Freeway, Suite 1600, Houston, TX 77074, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7.Defendant LTD regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8.Defendant LTD regularly collects or attempts to collect debts for other parties.

9.Defendant LTD is a "debt collector" as defined in the FDCPA.

10.Defendant LTD was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11.Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

12.Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13.Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

## COLLECTION CALLS

14. On or about April 27, 2010, Defendant LTD's collector contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. During this April 27, 2010 call, Defendant left a voice mail on Plaintiff's answering machine, identifying herself as a debt collector.

## OTHER COLLECTION CALLS

16. On or about April 30, 2010, Defendant LTD's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

17. During this April 30, 2010 call, Defendant LTD left another voice mail, once again identifying herself as a debt collector.

18. On or about May 5, 2010, Defendant LTD's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

19. During this May 5, 2010 call, Defendant LTD left yet another voice mail, identifying herself as a debt collector.

20. On or about May 18, 2010, Defendant LTD's collector, contacted Plaintiffs by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

21. During this May 18, 2010 call, Defendant LTD left another voice mail, identifying herself as a debt collector.

22.     On or about May 20, 2010, Defendant LTD's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

23.     During this May 20, 2010 call, Defendant LTD left another voice mail, identifying himself as a debt collector.

24.     On or about May 28, 2010, Defendant LTD's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

25.     During this May 28, 2010 call, Defendant LTD left another voice mail, identifying himself as a debt collector.

26.     On or about June 14, 2010, Defendant LTD's collector, contacted Plaintiff by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

27.     During this June 14, 2010 call, Defendant LTD left another voice mail, identifying himself as a debt collector.

## SUMMARY

28.     All of the above-described collection communications made to Plaintiff by Defendant LTD, and collection employees employed by Defendant LTD, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692b(3), 1692d(5), and 1692f.

29.     The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of

Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to these Plaintiff.

30. Defendant's repeated disclosures of Plaintiff's indebtedness to third parties was an invasion of his privacy and their right to financial privacy.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demand a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT 1

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to this Plaintiff.

34. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

35. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

36. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  15 U.S.C. § 1692(a) (emphasis added).

37. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information.  15 U.S.C. § 6801(a) (emphasis added).

38. Defendant and/or its agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded each Plaintiff's privacy.

39. Defendant also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely,

by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiffs' right to financial privacy.

40.     Defendant disclosed Plaintiff's alleged indebtedness to Victor Lewis, who is Plaintiff's roommate.  Defendant knew or had reason to know that Victor Lewis did not have a legitimate need for the information.

41.     The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

42.     The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

## COUNT 3

### TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

43.     Defendant caused Plaintiff's telephone to ring repeatedly or continuously with intent to annoy, abuse or harass in violation of 15 U.S.C. 1692d(5).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)   Damages and

B)   Attorneys' fees and costs.

## COUNT 4

## VIOLATION OF 559.72 (5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

44.     Defendant disclosed Plaintiff's alleged indebtedness to Victor Lewis, who is Plaintiff's roommate.  Defendant knew or had reason to know that Victor Lewis did not have a legitimate need for the information.

45.     As a result of Defendant's improper disclosures to a third party, Plaintiff's reputation was affected.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

## COUNT 5

## VIOLATION OF SECTION 559.72 (7) OF THE CONSUMER COLLECTION PRACTICES ACT

46.     Defendant communicated with the debtor on such a frequent basis that it could be reasonably expected to harass the debtor.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

A)    Damages and

B)    Attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.


Dated:  June 24, 2010                              Respectfully submitted,


                                                   /s Andrew I. Glenn
                                                   Andrew I. Glenn
                                                   E-mail:  AGlenn@cardandglenn.com
                                                   Florida Bar No.:  577261
                                                   J. Dennis Card, Jr.
                                                   E-mail:DCard@cardandglenn.com
                                                   Florida Bar No.  0487473
                                                   Card & Glenn, P.A.
                                                   2501 Hollywood Boulevard, Suite 100
                                                   Hollywood, Florida 33020
                                                   Telephone:  (954) 921-9994
                                                   Facsimile:   (954) 921-9553
                                                   Attorneys for Plaintiff